ROBERT FLAHERTY, Appellant, *v.* JOHN W. MURRAY and the TITLE
GUARANTEE AND TRUST COMPANY, Respondents.

*Agreement to give employment to a party proposing that a corporation enter into a*
*new branch of business, if it should do so — it is not enforcible against a corpora-*
*tion created for that purpose by some of the stockholders of the corporation to which*
*the proposal was made.*

In an action to recover on a *quantum meruit* for services alleged to have been
rendered by the plaintiff for the defendants, the Title Guarantee and Trust
Company and one Murray, the president thereof, in the organization and
development of a corporation known as the Bond and Mortgage Guarantee
Company, the plaintiff testified that he had a conversation with the defendant
Murray, in which he endeavored to interest the defendant trust company or its
directors and stockholders in the business of mortgage insurance, and that
Murray agreed with him that if the trust company embarked in such business
he would be given a position as general agent.

It further appeared that some time after the interview with Murray some of the
stockholders of the defendant trust company organized the Bond and Mortgage
Guarantee Company for the purpose of transacting mortgage insurance busi-
ness; that the plaintiff, however, had nothing to do with the organization of
that company, and that it was not organized until after he had made arrange-
ments with other parties to form a corporation to do substantially the same
business.

*Held,* that the trial court properly dismissed the complaint, as to both the defend-
ants, at the close of the plaintiff's case.

APPEAL by the plaintiff, Robert Flaherty, from a judgment of
the Supreme Court in favor of the defendants, entered in the office
of the clerk of the county of New York on the 21st day of April,

1900, upon the dismissal of the complaint by direction of the court after a trial at the New York Trial Term.

*A. S. Gilbert,* for the appellant.

*William H. Stockwell,* for the respondents.

McLaughlin, J.:

This action is brought to recover on a *quantum meruit* for services alleged to have been rendered by the plaintiff for the defendants in the organization and development of a domestic corporation — Bond and Mortgage Guarantee Company.

The basis of plaintiff's alleged claim, according to his own testimony, is a conversation had in the month of May, 1890, with John W. Murray, then president of the defendant Title Guarantee and Trust Company and vice-president of the German-American Fire Insurance Company, in which he, in substance, informed Mr. Murray that he was looking for a position, and that in order to obtain one he desired to interest the trust company, or its directors and stockholders, in the business of mortgage insurance and that he expected, in case of success, to be rewarded with a position in the defendant trust company, " as general agent to work up, create and bring mortgage insurance to the company, at a salary of no less than $5,000 a year." He testified that Mr. Murray agreed with him that if the Title Guarantee and Trust Company took up the business of mortgage insurance he should have such a position. He did not claim that any other person connected with the trust company ever made any agreement with him or that its board of directors took any corporate action upon the subject. The trust company did not take up the business of mortgage insurance; on the contrary, refused to do so, although it had a right under its charter to enter into that business. It appeared, however, that some time after the interview with Mr. Murray, some of the stockholders of the Title Guarantee and Trust Company participated in the organization of, and became interested in, the Bond and Mortgage Guarantee Company, a corporation organized for the purpose of transacting mortgage insurance business, but the plaintiff had nothing to do with the organization of that company and it was not, in fact, organized until after he had made arrangements with Cary & Whit-

ridge to form another company, the Mortgage Insurance Company of New York, to do substantially the same kind of business.

There was, therefore, at the close of plaintiff's case, a complete failure of proof to support the cause of action set out in the complaint. There was not the slightest evidence that the Title Guarantee and Trust Company (and appellant's counsel conceded upon the argument that the complaint was properly dismissed as to the defendant Murray) ever employed or authorized the employment of the plaintiff for any purpose whatever, or that he ever performed any services for it, or that that company had any connection with or interest in the Bond and Mortgage Guarantee Company. The fact that some of the directors and stockholders of the Title Guarantee and Trust Company had an interest in the mortgage company, could in no way render the trust company liable for the ineffectual efforts of the plaintiff to induce it to enter into the business referred to. This being the situation at the close of plaintiff's case, the trial court could do nothing but grant the defendants' motion to dismiss the complaint.

The judgment appealed from is right and must be affirmed, with costs.

VAN BRUNT, P. J., RUMSEY and PATTERSON, JJ., concurred.

Judgment affirmed, with costs.