In re WHITRIDGE et al.

(Supreme Court, Appellate Division, First Department.    March 6, 1914.)

ATTORNEY AND CLIENT (§ 46*)—MISCONDUCT—PRESENTATION OF CHARGES.

It is as much the duty of this court to protect attorneys against unjustifiable and malicious attacks upon their integrity as it is to discipline attorneys guilty of misconduct, and it should not allow charges of professional misconduct to be used to enforce claims against attorneys, so that one considering that he has any grievance against attorneys not included in his action against them, or which he could not enforce in any civil action, was bound to present the facts to the court within a reasonable time after the alleged wrongful act was committed.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 71; Dec. Dig. § 46.*]

In the matter of charges of professional misconduct preferred against Frederick W. Whitridge and others by Robert Flaherty.    Proceeding dismissed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Robert Flaherty, in pro. per.
William D. Guthrie, of New York City, for respondents.

INGRAHAM, P. J.    The petitioner has presented to this court charges against the respondents of professional misconduct, in that in the year 1891 he employed as his counsel and attorneys at law the firm of which the defendants are the surviving members, to assist him in organizing a corporation to exploit and do the business of mortgage insurance on a plan devised and planned by the petitioner, and on which the petitioner had spent several years' labor, and that the said persons did willfully neglect, betray, and defraud the petitioner out of the fruit of his toil and skill, and they instead caused to be organized a corporation called the Lawyers' Mortgage Company, which is now and has been doing for many years the identical business planned by him, based wholly on the ideas and principles conceived by him, and said company has made profits of over $10,000,000.    The petition also charges that the respondents have made large sums in fees as counsel and attorneys of said company, and that the petitioner has received nothing for his skill and labor, solely through the fraud, deceit, malpractice, and treachery of the respondents, who appropriated his ideas and methods and employed them in the formation and for the benefit of said Lawyers' Mortgage Company.    The respondents have answered, denying all these charges, and alleging that on September 8, 1894, the petitioner brought an action in the Supreme Court against the respondents and others, and that all and singular the matters of fact, claims, grievances, and professional conduct alleged in the petition herein were set forth in the pleadings, or involved in the issues in such action; that the defendants answered in that action, and the complaint was subsequently amended, copies of which are annexed to the answer; that this action was tried before one of the Justices of the Supreme

Court and a jury in January, 1901; that the petitioner was examined as a witness and produced the documentary evidence which he submitted, and without cross-examination his complaint was dismissed, upon the ground that there was no cause of action against these respondents; that judgment was affirmed on appeal to this court (62 App. Div. 116, 70 N. Y. Supp. 951), and on an appeal to the Court of Appeals (174 N. Y. 550, 67 N. E. 1082). The respondents further deny that the firm of which they were members was at any time ever retained by the petitioner; that the Lawyers' Mortgage Insurance Company was organized or did business based on ideas and principles conceived by the petitioner, and deny that they ever made any large sums in fees as counsel and attorneys for said Lawyers' Mortgage Insurance Company, and deny that they ever received any fees or payments of any sort whatever in connection with the formation of said company. It is further alleged that the petitioner brought an action against the Title Guaranty & Trust Company to recover damages for services alleged to have been rendered by petitioner in the organization and development of a mortgage insurance company to carry on the same business as the Lawyers' Mortgage Insurance Company, which trial resulted in the dismissal of the complaint by direction of the court, on the ground that there had been a complete failure of proof to support the cause of action alleged in the complaint, and that the judgment was unanimously affirmed by this court in April, 1901, and the appeal dismissed by the Court of Appeals on November 18, 1902. It is also alleged that the petitioner had submitted similar charges to the Grievance Committee of the Bar Association of the City of New York, which the committee refused to entertain; that in December, 1913, a written communication was submitted to this court, containing similar charges, which this court sent to said Grievance Committee, which refused to entertain the charges.

The petitioner has submitted a reply to the respondents' answer, but it presents no new facts which require this court to take any further proceedings. Here are charges made against a reputable firm of attorneys, based upon the alleged misconduct of the attorneys more than 20 years ago. The petitioner sued the attorneys to recover damages for the alleged misconduct of the attorneys, and the action was decided against the petitioner over 10 years ago. This decision was affirmed by the highest court of the state. He has had ample opportunity to establish the truth of the charges that the respondents were guilty of fraud in the conduct of any business intrusted to them by him. He could have presented the facts in the action that he brought against them, and, if there was any foundation for the charges, he could have recovered any damages that he sustained in consequence of their failure to properly protect his interests. Having been defeated in his attempts to establish some misconduct on the part of the respondents, he now, more than 20 years after the acts complained of are alleged to have been committed, seeks to have the attorneys disciplined for conduct which the courts have held gave him no cause of action. If the petitioner considered that he had any grievance against these respondents which was not included in his action against them, or which he

could not enforce in any civil action, it was his duty to present the facts to the court within a reasonable time after he alleged that the wrongful acts were committed. It is as much the duty of this court to protect lawyers against unjustifiable and malicious attacks upon their integrity as it is to discipline attorneys who have been guilty of misconduct, and not to allow charges of professional misconduct to be used to enforce claims against members of the profession. A consideration of the petition, the answer, and the petitioner's reply, convinces us that there is absolutely no foundation for the charges against the respondents. While the petition and the reply are replete with general allegations of fraud, deceit, malpractice, and treachery, there are no facts stated which justify such characterization, and there is nothing presented on this application which would justify any further proceeding.

The proceeding is therefore dismissed. All concur.